**JIN HUA JIANG, Petitioner,**

v.

**U.S. DEPARTMENT OF JUSTICE, Attorney General, Board of Immigration Appeals, Respondents.**

No. 05–4979–ag.

United States Court of Appeals,
Second Circuit.

Dec. 5, 2006.

Jin Hua Jiang, pro se, Cincinnati, Ohio, for Petitioner.

For Respondents: Because the Court did not receive a brief from the respondent within fifteen days of the October 2, 2006 due date specified in the scheduling order issued on August 17, 2006 this case has been decided without the benefit of respondent's brief. See Local Rule § 0.29(d).

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROBERT D. SACK, Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Jin Hua Jiang, a native and citizen of the People's Republic of China, seeks review of an August 18, 2005 order of the BIA affirming the May 26, 2004 decision of Immigration Judge ("IJ") Sarah M. Burr denying his application for asylum and withholding of removal. *In re Jin Hua Jiang*, No. A 95 148 830 (B.I.A. Aug. 18, 2005), *aff'g* No. A 95 148 830 (Immig. Ct. N.Y. City May 26, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA affirms and adopts, then supplements, the IJ's decision, we review the IJ's decision as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 395, 406 (2d Cir.2005); *Tian-Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004).

Substantial evidence supports the IJ's adverse credibility finding in this case. We agree with the IJ that a central premise in Jiang's convoluted testimony was implausible: Jiang testified that his family was in hiding for almost fourteen years, yet admitted that they had regular contact with government officials during this time period, such as obtaining ID cards, registering their children for junior high, obtaining a marriage certificate, and entering their children in the household registry. Moreover, he repeatedly contradicted himself as to when he registered the children, thereby causing the officials to seek his wife for sterilization. We acknowledge Jiang's attempts to reconcile his testimony in his brief to this Court, but we generally will not credit *post hoc* explanations unless they would compel a reasonable fact-finder to credit an applicant's testimony, and we do not find that this high standard has been met here. *See Zhou Yun Zhang,* 386 F.3d at 77; *Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003).

The IJ also reasonably relied on the government's submission of a consular report and letter from Fujian Provincial Hospital, claiming that it had stopped performing hysterosalpingograms in August 1997, to discredit Jiang's submission of a purported report of such an exam for his wife from that hospital, dated July 2001. *See Borovikova v. U.S. Dept. of Justice,* 435 F.3d 151, 158 (2d Cir.2006). Moreover, the IJ's decision to credit that report over Jiang's rebuttal evidence—an unauthenticated report of a subsequent exam from another hospital—was also valid, particularly when that report did not undermine the finding that the first report was fabricated. *See id.* For this same reason, the BIA did not abuse its discretion in declining to take any action with respect to the purported original X-ray that Jiang submitted with his appeal. *Cf. Li Yong Cao v. U.S. Dep't of Justice,* 421 F.3d 149, 157 (2d Cir.2005). Because the implausibilities rendered Jiang's testimony insufficient to sustain his burden of proof, standing alone, and the consular report cast doubt on the central allegation in his claim—his wife's sterilization—a reasonable fact-finder would not be compelled to conclude, contrary to the IJ, that Jiang was credible. *See Wu Biao Chen,* 344 F.3d at 275. As his withholding claim rested on the same facts, that claim necessarily fails for the same reason. *See id.*

For the foregoing reasons, the petition for review is DENIED. The ending motion for a stay of removal in this petition is DENIED as moot.